REGAN, Judge.
Plaintiff, the New Orleans Public Belt Railroad Commission, instituted this suit against the defendants, American Universal Insurance Company and State Farm Mutual Automobile Insurance Company, the liability insurers of the automotive vehicles owned respectively by Frank L. Beier Radio, Inc., and Louis Dourrieu, endeavoring to recover the sum of $194.18, representing damage incurred to the Huey P. Long Bridge[1] as a result of a collision between the insured cars.
The defendants answered and asserted the freedom from negligence of their insureds. In addition thereto, the defendants filed third party petitions against each other in an effort to shift responsibility for the aforementioned damage.
The lower court rendered judgment in favor of the plaintiff and against the defendant, American Universal Insurance Company, in the amount of $194.18, and the suit was dismissed as to the other defendant, State Farm Mutual Automobile Insurance Company. From this judgment both the American Universal Insurance Company and the New Orleans Public Belt Railroad Commission have prosecuted this appeal.
The record reveals that on August 20? 1963, a Falcon sedan, owned by Louis Dourrieu and insured by State Farm Mutual Automobile Insurance Company, was being driven by one Peter J. Escarra, Jr., in the left traffic lane of the Fluey P. Long Bridge, toward the west bank of the Mississippi River. Dourrieu was-a passenger who occupied the right front seat of this vehicle.
Approximately twenty feet behind the Dourrieu vehicle, a truck was being operated in the right traffic lane by Percy Wilson. Wilson testified that a Corvair van-type truck, owned by Frank L. Beier Radio, Inc., and driven by John A. Puneky, passed him on his left, then turned into the right traffic lane and endeavored to pass the Falcon on its right.
At this point the record is relatively clear only with respect to the fact that the right front portion of the Falcon and the left rear section of the Corvair collided, which ultimately resulted in damage to the railing of the bridge. Escarra and Dourrieu insist that the Puneky vehicle departed from its traffic lane and struck their vehicle, while Puneky is equally insistent that the vehicles collided when the defendant’s; automobile improperly left its lane. Percy Wilson, who was driving his truck several feet behind, did not observe the manner in which the collision actually occurred. The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted State Farm Mutual’s version of the manner in which the accident occurred and, therefore, concluded that its insured was free of any negligence which contributed to the accident and that the proximate cause thereof was the negligence of American Universal’s insured in driv *701 ing his vehicle into the path of the Falcon automobile.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. The trial judge accepted the version thereof offered by the insured of State Farm Mutual, and our analysis of the record convinces us that the evidence preponderates in its favor, and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
All costs are to be paid by the defendant, the American Universal Insurance Company.
Affirmed.

. Plaintiff is obligated by contract to maintain the parts of the bridge damaged in this accident.